An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRICK P. HOUSTON, JR.,
Petitioner,
vs.
NEVADA DEPARTMENT OF PUBLIC
SAFETY DIVISION OF PAROLE AND
PROBATION,
Respondent.

No. 60881

FILED

MAR 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original proper person petition for a writ of mandamus seeking to compel respondent to remove the words "escape from jail" from petitioner's presentence investigation report.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). It is within our sole discretion to determine if a writ petition will be considered. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that extraordinary relief is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and the attached documents, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted. See NRS 34.160; Pan, 120 Nev. at 228, 88 P.3d at 844; see also Stockmeier v. State, Bd. of Parole Comm'rs, 127 Nev. ___, ___, 255 P.3d 209, 214 (2011) (explaining that an inmate waives any objection to errors in his or her presentence

SUPREME COURT
OF
NEVADA

(O) 1947A

13-08182

investigation report by failing to challenge the alleged errors on direct appeal from a conviction and sentence). Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Brick P. Houston, Jr.
       Attorney General/Carson City

---

[1]We direct the clerk of this court to file petitioner's "affidavit," provisionally received in this court on January 11, 2013. We have considered both the affidavit and petitioner's June 14, 2012, supplement in resolving this petition.